JOHN P. DESMOND, ESQ
State Bar No. 5618
LOUIS M. BUBALA III, ESQ.
State Bar No. 8974
JONES VARGAS
100 W. Liberty St., 12th Floor
P. O. Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
Facsimile: (775) 786-1177
Email: jpd@jonesvargas.com
        lbubala@jonesvargas.com

CHRISTOPHER P. BUSSERT, ESQ.
*Pro hac vice application to be filed*
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 816-6555
E-mail:  cbussert@kilpatrickstockton.com

WILLIAM M. BRYNER, ESQ.
LAURA C. MILLER, ESQ.
*Pro hac vice applications to be filed*
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500
E-mail:  wbryner@kilpatrickstockton.com
        lamiller@kilpatrickstockton.com

Attorneys for Plaintiff Mr. Rooter Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MR. ROOTER CORPORATION, a Texas corporation,

                 Plaintiff,

vs.

MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC, a Nevada limited liability company; RONALD E. FORSYTHE, individually and d/b/a "MR. PLUMBER"; and RICKY L. POTTER, individually and d/b/a "MR. PLUMBER,"

                 Defendants.                    /

CASE NO.  CV-N-06-

**COMPLAINT**

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

1

Plaintiff Mr. Rooter Corporation ("Plaintiff") states the following for its Complaint against Defendants Mr. Plumber, Rooter and Plumbing Services, LLC;  Ronald E. Forsythe; and Ricky L. Potter (collectively "Defendants"):

### NATURE OF THE ACTION

1.      This is an action at law and in equity for service mark infringement, false designations of origin, and unfair competition.   Plaintiff's claims arise under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1052 *et. seq.* (the "Lanham Act"), and the common law of the State of Nevada.   Defendants are using a combination of various service marks that, both individually and collectively, represent colorable and confusingly similar imitations of Plaintiff's federally registered and common law service marks.   Unless enjoined by this Court, Defendants' conduct will continue to result in a likelihood of consumer confusion and in irreparable injury to Plaintiff.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Waco, Texas.   Plaintiff is the record owner, in its own right or by assignment from its predecessors-in-interest, of the United States registered service marks and common law service marks at issue in this action, which marks are identified more specifically below.   For convenience, and unless the context indicates otherwise, Plaintiff and its predecessors-in-interest will be collectively referred to hereinafter as "Mr. Rooter."

3.      Upon information and belief, Defendant Mr. Plumber, Rooter and Plumbing Services, LLC ("Mr. Plumber"), is a Nevada limited liability company, with an office and principal place of business in this judicial district.

4.      Upon information and belief, Defendant Ronald E. Forsythe ("Forsythe") is a natural person who is a citizen of the State of Nevada and resides in this judicial district. Upon further information and belief, Forsythe is a member of Mr. Plumber.

5.       Upon information and belief, Defendant Ricky L. Potter ("Potter") a natural person who is a citizen of the State of Nevada and resides in this judicial district.   Upon further information and belief, Potter is a member of Mr. Plumber.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:   (775) 786-1177

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

6.      This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to Lanham Act § 39, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).  As to the claim under state law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.      Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that, upon information and belief, Defendants reside in and do business in this judicial district, and in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      The MR. ROOTER Franchise System and Mr. Rooter's Federally Registered MR. ROOTER Marks**

8.      Mr. Rooter is the franchisor of a nationwide system of approximately 206 licensed businesses, operating throughout the United States, each of which provides a wide range of commercial and residential plumbing, sewer and drain cleaning services, including plumbing repair services; sewer, grease trap, drain and pipe cleaning services; septic tank pumping; water heater replacement; TV pipe inspection; line and leak detection; excavation and replacement of sewer lines; and other related services throughout the United States.  Mr. Rooter operates these businesses under the service mark and trade name "MR. ROOTER," and these businesses operate in accordance with a business system and format using service marks, trade dress and business methods that are proprietary to Mr. Rooter.

9.      Beginning at least as early as May 1970, Mr. Rooter, itself or through its authorized licensees, adopted and began using the service mark "MR. ROOTER," both standing alone and in combination with other design elements, in interstate commerce in the United States for the purpose of identifying the services provided by the MR. ROOTER franchise system, and distinguishing those services from the services of others.  Mr. Rooter, itself or through its authorized licensees, has advertised and sold its services in interstate commerce in the United States under its "MR. ROOTER" name and mark continuously since at least as early as May 1970.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

10.    On May 2, 1972, Mr. Rooter was granted U.S. Service Mark Reg. No. 933,403, showing the mark "MR. ROOTER" in block letters, on the Principal Register of the United States Patent and Trademark Office (the "USPTO") for use in connection with "sewer and drain cleaning services" ("the '403 Registration").  A true and accurate copy of the Certificate of Registration for the '403 Registration is attached hereto as Exhibit A.   The '403 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065.  The '403 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein, and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce in connection with the services specified therein.

11.    On April 23, 1974, Mr. Rooter was granted U.S. Service Mark Reg. No. 982,684, showing the mark "MR. ROOTER" together with a distinctive design logo showing a man wearing a hat and winking with his right eye, on the USPTO's Principal Register for use in connection with "sewer and drain cleaning services" ("the '684 Registration").  A true and accurate copy of the Certificate of Registration for the '684 Registration is attached hereto as Exhibit B.  The '684 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065.  The '684 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein, and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce in connection with the services specified therein.

12.    On March 26, 1996, Mr. Rooter was granted U.S. Service Mark Reg. No. 1,964,249, showing the mark "MR. ROOTER" in a distinctive stylized format, on the USPTO's Principal Register for use in connection with "sewer and drain cleaning services" ("the '249 Registration").   A true and accurate copy of the Certificate of Registration for the '249 Registration is attached hereto as Exhibit C.  The '249 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065.  The '249 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein,

and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce in connection with the services specified therein.

13. On February 18, 2003, Mr. Rooter was granted U.S. Service Mark Reg. No. 2,688,517 for the mark "MR. ROOTER," in block letters, on the USPTO's Principal Register for use in connection with "commercial and residential plumbing, sewer, grease trap and drain cleaning services" ("the '517 Registration"). A true and accurate copy of the Certificate of Registration for the '517 Registration is attached hereto as Exhibit D. The '517 Registration constitutes prima facie evidence of the validity of the mark shown therein, and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce in connection with the services specified therein.

14. In addition to the registered service marks referenced in Paragraphs 10 through 13 above, Mr. Rooter owns all common law rights in and to the mark "MR. ROOTER," together with all design elements used in connection therewith, for use in connection with the provision of plumbing, sewer and drain cleaning services, and related services. (For ease of reference, the registered marks shown in the Certificates of Registration attached hereto as Exhibits A through D, as well as all of the common law counterparts of these marks, shall be referred to collectively hereinafter as the "MR. ROOTER Marks.")

15. Mr. Rooter owns the MR. ROOTER Marks, all the goodwill associated therewith, and the Registrations for the MR. ROOTER Marks shown in Exhibits A through D, which Registrations remain valid and subsisting.

16. In addition to the MR. ROOTER Marks, Mr. Rooter's parent company registered the Internet domain name <mrrooter.com> on March 11, 1996. This Internet domain name has been, and continues to be, utilized in connection with Mr. Rooter's commercial Internet website, which may be found at <www.mrrooter.com>.

17. Due to their inherent distinctiveness in connection with the services for which they are used, and by long and continuous use, purchasers of plumbing repair and related services recognize the MR. ROOTER Marks as distinctive symbols of the quality of the services that Mr.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax:   (775) 786-1177

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

Rooter's franchise system provides.  Mr. Rooter derives substantial goodwill and value from this identification by the consuming public and the trade.

**B.    Mr. Rooter's Other Federally Registered Marks**

18.    In addition to its various service marks incorporating the words "MR. ROOTER," Mr. Rooter has used and has registered a number of other distinctive service marks that identify the services provided by the MR. ROOTER franchise system, and that distinguish those services from the services of others.

19.    On July 21, 1998, Mr. Rooter was granted U.S. Service Mark Reg. No. 2,174,171, showing a design mark consisting of distinctive red and blue stripes along the bottom and rear side panels of a van, as shown below, on the USPTO's Principal Register for use in connection with "sewer and drain cleaning services" ("the '171 Registration").



20.    A true and accurate copy of the Certificate of Registration for the '171 Registration is attached hereto as Exhibit E.  The '171 Registration has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065.  The '171 Registration constitutes conclusive evidence of the validity of the mark shown therein, and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce in connection with the services specified therein.

///

///

///

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

21.    On December 7, 2004, Mr. Rooter was granted U.S. Service Mark Reg. No. 2,907,769, showing a design mark consisting of two parallel stripes along the bottom and rear side panels of a van and a distinctive depiction of a man wearing a hat and winking with his left eye, as shown below, on the USPTO's Principal Register for use in connection with "commercial and residential plumbing, sewer, grease trap and drain cleaning services" ("the '769 Registration").



A true and accurate copy of the Certificate of Registration for the '769 Registration is attached hereto as Exhibit F.  The '769 Registration constitutes prima facie evidence of the validity of the mark shown therein, and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce on the services specified therein.

22.    In addition to the registered service marks referenced in Paragraphs 19 and 20 above, Mr. Rooter owns all common law rights in and to these marks for use in connection with the provision of plumbing, sewer and drain cleaning services, and related services.  (For ease of reference, the registered marks shown in the Certificates of Registration attached hereto as Exhibits E and F, as well as all of the common law counterparts of these marks, shall be referred to collectively hereinafter as the "Van Design Marks.")

23.    Mr. Rooter owns the Van Design Marks, all the goodwill associated therewith, and the Registrations for the Van Design Marks shown in Exhibits E and F, which Registrations remain valid and subsisting.

24.    Due to their inherent distinctiveness in connection with services for which it is used, and by long and continuous use, purchasers of plumbing repair and related services recognize the Van Design Marks as distinctive symbols of the quality of the services that Mr.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax:   (775) 786-1177

Rooter's franchise system provides.  Mr. Rooter derives substantial goodwill and value from this identification by the consuming public and the trade.

25.    On February 4, 2003, Mr. Rooter was granted U.S. Service Mark Reg. No. 2,683,543, showing a design mark consisting of a distinctive depiction of a man wearing a hat and winking with his right eye, as shown below, on the USPTO's Principal Register for use in connection with "commercial and residential plumbing, sewer, grease trap and drain cleaning services" ("the '543 Registration").



A true and accurate copy of the Certificate of Registration for the '543 Registration is attached hereto as Exhibit G.  The '543 Registration constitutes prima facie evidence of the validity of the mark shown therein, and of the registration of said mark, of Mr. Rooter's ownership of said mark, and of Mr. Rooter's exclusive right to use said mark in commerce on the services specified therein.

26.    In addition to the registered service mark referenced in Paragraph 24 above, Mr. Rooter owns all common law rights in and to this mark for use in connection with the provision of plumbing, sewer and drain cleaning services, and related services.  (For ease of reference, the registered mark shown in the Certificate of Registration attached hereto as Exhibit G, as well as all of the common law counterparts of this mark, shall be referred to collectively hereinafter as the "Mr. Winky Mark.")

27.    Mr. Rooter owns the Mr. Winky Mark, all the goodwill associated therewith, and the Registration for the Mr. Winky Mark shown in Exhibit G, which Registration remains valid and subsisting.

28.    Due to its inherent distinctiveness in connection with services for which it is used, and by long and continuous use, purchasers of plumbing repair and related services recognize the

Mr. Winky Mark as a distinctive symbol of the quality of the services that Mr. Rooter's franchise system provides.  Mr. Rooter derives substantial goodwill and value from this identification by the consuming public and the trade.

**C.      Mr. Rooter's Common-Law THE PLUMBER YOU DESERVE Mark**

29.      Mr. Rooter has also used, since before the conduct of Defendants complained of herein, the distinctive service mark "THE PLUMBER YOU DESERVE" in connection with provision of plumbing, sewer and drain cleaning services, and related services ("THE PLUMBER YOU DESERVE Mark").  By virtue of its use of this mark, Mr. Rooter has acquired valid common law rights in the THE PLUMBER YOU DESERVE Mark.

30.      Mr. Rooter owns the THE PLUMBER YOU DESERVE Mark and all the goodwill associated therewith.

31.      Due to its inherent distinctiveness in connection with services for which it is used, and by its use, purchasers of plumbing repair and related services recognize the THE PLUMBER YOU DESERVE Mark as a distinctive symbol of the quality of the services that Mr. Rooter's franchise system provides.   Mr. Rooter derives substantial goodwill and value from this identification by the consuming public and the trade.

**D.      Mr. Rooter Displays its Marks Using a Color Scheme of Red, White and Blue**

32.      In marketing and promotional materials distributed to the public in connection with the operation of its MR. ROOTER franchise system, Mr. Rooter and its authorized franchisees depict the MR. ROOTER Marks, the Van Design Marks, the Mr. Winky Mark, and the THE PLUMBER YOU DESERVE Mark (collectively referred to hereinafter as "Plaintiff's Marks") using a distinctive red, white and blue color scheme (the "Mr. Rooter Color Scheme").

33.      Specifically, the letters in the stylized version of the MR. ROOTER Mark, as shown in the '249 Registration attached as Exhibit C, are depicted in red; and the stripes in the Van Design Marks, as shown in the '171 and '769 Registrations, are displayed in red and blue against a white van, with the upper stripe appearing in red and the lower stripe appearing in blue. True and accurate copies of authorized MR. ROOTER promotional materials, together with photographs of authorized MR. ROOTER vans showing the Van Design Marks, are attached

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

hereto as Exhibit H. The materials in Exhibit H depict the Mr. Rooter Color Scheme as Mr. Rooter uses it in the marketplace in connection with Plaintiff's Marks.

**E.    Mr. Rooter Has an Authorized MR. ROOTER Franchisee Servicing the Reno Area**

34.    As part of its nationwide franchise system, Mr. Rooter maintains an authorized MR. ROOTER franchise that services the geographic territory in and around Reno, Nevada (the "MR. ROOTER Reno Franchisee").

35.    As an authorized franchisee, the MR. ROOTER Reno Franchisee has the exclusive right to operate an authorized MR. ROOTER franchise servicing a geographic territory that includes Carson City, and Douglas, Storey and Washoe Counties (the "Franchisee Territory"). Mr. Rooter has licensed the MR. ROOTER Reno Franchisee to use Plaintiff's Marks in connection with the operation of said franchise. Pursuant to a written franchise agreement, the MR. ROOTER Reno Franchisee is authorized and required to use Plaintiff's Marks, together with Mr. Rooter's business format, educational and training programs, centralized advertising programs, standard policies and procedures, and techniques for operating a MR. ROOTER franchise.

**F.    Defendants' Unlawful Conduct**

36.    Upon information and belief, Forsythe and Potter are former employees of an authorized MR. ROOTER franchisee.

37.    Mr. Rooter has ascertained that since leaving the employ of an authorized MR. ROOTER franchisee, Forsythe and Potter have formed a new Nevada company under the name "Mr. Plumber, Rooter and Plumbing Services, LLC." Upon information and belief, Forsythe and Potter are the only managing members of Mr. Plumber. Upon further information and belief, Forsythe and Potter have committed the tortious acts complained of herein both individually and in their capacity as managing members of Mr. Plumber.

38.    Defendants are using colorable imitations of Plaintiff's Marks, without Mr. Rooter's authorization or permission, in connection with their offering and rendition of plumbing services and related services under the designation "MR. PLUMBER."

39.    More specifically, and upon information and belief, Defendants have been operating a competing plumbing maintenance and repair services business servicing the Reno,

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

Nevada, area under the service mark "MR. PLUMBER" and are using colorable imitations of Plaintiff's Marks, in the Mr. Rooter Color Scheme, in connection with such business, including but not limited to using a van and trailer that display (a) the service mark MR. PLUMBER in the Mr. Rooter Color Scheme, (b) colorable imitations of Mr. Rooter's Van Design Marks in the Mr. Rooter Color Scheme, (c) a colorable imitation of the Mr. Winky Mark, and (d) the service mark "THE PLUMBER YOU NEED."  These various marks of Defendants' are arranged in a way that is strikingly similar to, if not virtually identical to, the manner in which Mr. Rooter uses and arranges Plaintiff's Marks.  True and accurate copies of photographs showing a van, parked at Potter's residence, and displaying colorable imitations of Plaintiff's Marks, in the Mr. Rooter Color Scheme, are attached hereto as Exhibit I.  True and accurate copies of a trailer, parked along the roadway on East Main Street in Fernley, Nevada, and displaying colorable imitations of Plaintiff's Marks, in the Mr. Rooter Color Scheme, are attached hereto as Exhibit J.

40.      Defendants advertise their plumbing services business in telephone directories and Internet-based directories using colorable imitations of Plaintiff's Marks, including images of a white van bearing colorable imitations of Mr. Rooter's Van Design Marks in the Mr. Rooter Color Scheme.  True and accurate copies of these directory listings and advertisements are attached hereto as Exhibit K.

41.      Upon information and belief, Defendants have exploited, and continue to exploit, their former connection to the MR. ROOTER Reno Franchisee, and have chosen to use, in connection with their competing plumbing services business, marks that are strikingly similar to Plaintiff's Marks in order to confuse and mislead the public into believing Defendants' services are related to, authorized by, or otherwise affiliated with Mr. Rooter, or to take advantage of Mr. Rooter's goodwill and reputation.

///

///

///

11

42. Upon information and belief, the foregoing activities of Defendants demonstrate a clear and unmistakable intent on the part of Defendants to create confusingly similar imitations of Plaintiff's Marks. This intent is best evidenced when the respective marks of Mr. Rooter and Defendants, as used by the parties in the marketplace, are juxtaposed as shown below:

<table>
<tr><td align="center">Plaintiff's Marks</td><td align="center">Defendants' Marks</td></tr>
<tr><td></td><td></td></tr>
</table>

## FIRST CLAIM FOR RELIEF

### (Infringement of Mr. Rooter's Federally Registered Marks)

43. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

44. Defendants' unauthorized use of Mr. Rooter's registered Marks, and/or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' plumbing services and related services. The consuming public is likely to believe that said services of Defendants originate from, or are sponsored by or affiliated with, the source of services bearing Mr. Rooter's registered Marks, and that Defendants operate an authorized MR. ROOTER franchise when, in fact, they have no such authorization.

45. Upon information and belief, Defendants' unauthorized use of Mr. Rooter's registered Marks, and/or colorable imitations thereof, as heretofore alleged, has been intentionally undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with Mr. Rooter's registered Marks. Upon information and belief,

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

Defendants continue to use Mr. Rooter's registered Marks, and/or colorable imitations thereof, in order to give their services a consumer appeal and salability that they would not have otherwise.

46.    By their unauthorized use of Mr. Rooter's registered Marks, and/or colorable imitations thereof, Defendants have infringed, and are infringing, Mr. Rooter's registered Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

47.    As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Mr. Rooter has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.  Such conduct has caused and, unless enjoined, will continue to cause Defendants to achieve sales and profits to which they are not entitled.  In addition, Defendants' conduct, unless enjoined, will impair the ability of Mr. Rooter's authorized MR. ROOTER Reno Franchisee to operate successfully in the Franchisee Territory.

48.    Defendants conduct is causing, and is likely to cause, substantial injury to the public and to Mr. Rooter, and Mr. Rooter is entitled to injunctive relief and to recover Mr. Rooter's actual damages or an award of Defendants' profits, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages or profits should be trebled pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition and False Designation of Origin)**

49.    The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

50.    Defendants' unauthorized use of Plaintiff's Marks, and/or colorable imitations thereof, as heretofore alleged, constitutes a false designation of origin, and a false description and false representation regarding Defendants' status, or lack thereof, as an authorized franchisee of Mr. Rooter, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

51.    As a direct and proximate result of Defendants' conduct, as herein alleged, Mr. Rooter has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.  Such conduct has caused and,

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax:  (775) 786-1177

unless enjoined, will continue to cause Defendants to achieve sales and profits to which they are not entitled.  In addition, Defendants' conduct, unless enjoined, will impair the ability of Mr. Rooter's authorized MR. ROOTER Reno Franchisee to operate successfully in the Franchisee Territory.

52.    Defendants' conduct is causing, and is likely to cause, substantial injury to the public and to Mr. Rooter, and Mr. Rooter is entitled to injunctive relief and to recover Mr. Rooter's actual damages or an award of Defendants' profits, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition and Trademark Infringement)

53.    The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

54.    Defendants' unauthorized use of Plaintiff's Marks, and/or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' plumbing services and related services.  The consuming public is likely to believe that said services of Defendants originate from, or are sponsored by or affiliated with, the source of services bearing Plaintiff's Marks and that Defendants operate an authorized MR. ROOTER franchise when, in fact, they have no such authorization.

55.    Upon information and belief, Defendants' unauthorized use of Plaintiff's Marks, and/or colorable imitations thereof, as heretofore alleged, has been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with Plaintiff's Marks.  Upon information and belief, Defendants continue to use Plaintiff's Marks, and/or colorable imitations thereof, in order to give their services a consumer appeal and salability that they would not have otherwise.

56.    Defendants' conduct alleged herein constitutes unfair competition, and trademark infringement, in violation of the common law of the State of Nevada.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax:   (775) 786-1177

14

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax:   (775) 786-1177

57.    As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Mr. Rooter has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.  Such conduct has caused and, unless enjoined, will continue to cause Defendants to achieve sales and profits to which it is not entitled.  In addition, Defendants' conduct, unless enjoined, will impair the ability of Mr. Rooter's authorized MR. ROOTER Reno Franchisee to operate successfully in the Franchisee Territory.

58.    Defendants' conduct is causing, and is likely to cause, substantial injury to the public and to Mr. Rooter, and Mr. Rooter is entitled to injunctive relief, punitive damages, and to recover Mr. Rooter's damages or an award of Defendants' profits, costs, and reasonable attorney fees.

**WHEREFORE**, Mr. Rooter prays the Court as follows:

1.  That the Court preliminarily and permanently restrain and enjoin Defendants, and their members, agents, servants, employees, attorneys and other persons in active concert or participation with them, from any and all further unauthorized use of any word, term, symbol or device confusingly similar to Plaintiff's Marks, including but not limited to "MR. PLUMBER," "THE PLUMBER YOU NEED," colorable imitations of the Van Design Marks, and colorable imitations of the Mr. Rooter Color Scheme, as a trademark, service mark, trade name, or other attention-getting device or triggering mechanism for the sale of Defendants' services, including removing all displays of Plaintiff's Marks, and any colorable imitations thereof, from vehicles used in connection with Defendants' plumbing services business, and the destruction of all advertising and promotional materials, stationery, envelopes, business cards, invoices, and similar materials bearing any of Plaintiff's Marks and/or colorable imitations thereof;

2.  That Mr. Rooter have and recover of Defendants, jointly and severally, such actual damages as Mr. Rooter may prove at trial or, in the alternative, that Defendants account to Mr. Rooter for all sales of services received as a direct and proximate result of Defendants' unlawful conduct, and all of Defendants' profits derived therefrom.

3.  That such damages or profits to which Mr. Rooter is entitled be trebled pursuant to 15 U.S.C. § 1117;

4.  That Mr. Rooter be awarded punitive damages;

5.  That the costs of this action, including a reasonable attorney fee for Mr. Rooter's attorneys, be taxed against Defendants;

6.  That Mr. Rooter be awarded pre- and post-judgment interest; and

7.  That the Court grant Mr. Rooter such other and further relief, both general and specific, as the Court may deem just and proper.

This the 30th day of March, 2007.

JONES VARGAS

 /s/Louis M. Bubala III
Louis M. Bubala III, Esq.