John P. Desmond, Esq.
JONES VARGAS
100 West Liberty Street
Twelfth Floor
Reno, NV  89501
Telephone:  (775) 786-5000
Facsimile:  (775) 786-1177
E-mail:  jpd@jonesvargas.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MR. ROOTER CORPORATION, a Texas corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC, a Nevada corporation; RONALD E. FORSYTHE, individually and d/b/a "MR. PLUMBER"; and RICKY L. POTTER, individually and d/b/a "MR. PLUMBER,"<br><br>    Defendants.<br>_____ | Civil Action No. 3:07-CV-00156 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION BY DEFAULT AGAINST DEFENDANTS MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC; RONALD E. FORSYTHE, INDIVIDUALLY AND D/B/A "MR. PLUMBER;" AND RICKY L. POTTER, INDIVIDUALLY AND D/B/A "MR. PLUMBER"**

Plaintiff Mr. Rooter Corporation ("Mr. Rooter"), submits this brief in support of its contemporaneously filed Motion for Entry of Final Judgment and Permanent Injunction by Default (the "Motion") against Defendants Mr. Plumber, Rooter and Plumbing Services, LLC ("Mr. Plumber"); Ronald E. Forsythe, individually and d/b/a "Mr. Plumber"

1

("Forsythe"); and Ricky L. Potter, individually and d/b/a "Mr. Plumber" ("Potter") (Mr. Plumber, Forsythe, and Potter are collectively referred to hereinafter as "Defendants"). Mr. Rooter's Motion seeks an order directing the entry of final judgment by default in favor of Mr. Rooter, and against Defendants, for the legal and equitable relief demanded in the Complaint, namely (a) entering a permanent injunction against Defendants' continued use of the MR. ROOTER Marks, as hereinafter defined, or colorable imitations thereof and (b) determining the amount of Mr. Rooter's monetary recovery as Mr. Rooter's reasonable attorneys' fees, and directing the entry of judgment in favor of Mr. Rooter and against Defendants in that amount, together with prejudgment interest and costs.

## INTRODUCTION

As shown below, the pertinent facts are undisputed due to Defendants' default in this action. Those uncontroverted facts conclusively demonstrate that Defendants have deliberately infringed Mr. Rooter's valid rights in its MR. ROOTER Marks, and willfully engaged in acts of unfair competition. The facts also plainly show that Mr. Rooter has been irreparably harmed as a result of Defendants' unlawful conduct, and that Mr. Rooter is therefore entitled to permanent injunctive relief to remedy that harm. In addition, Mr. Rooter is entitled to a monetary recovery as a result of Defendants' infringement and, under the circumstances set forth below, Mr. Rooter believes that an appropriate measure of such recovery is the reasonable attorneys' fees and expenses Mr. Rooter has incurred in connection with this litigation.

## PROCEDURAL BACKGROUND

Mr. Rooter commenced this civil action on March 30, 2007, with the filing of its Complaint. (Docket Entry No. 1.) In the Complaint, Mr. Rooter alleged three claims for

2

relief: (1) service mark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125; and (3) unfair competition under the common law of the State of Nevada. *See* Compl. at ¶ 1.

On April 3, 2007, Mr. Plumber was duly served with a copy of the Complaint, together with a properly issued Summons, by personal service on registered agent Linda Guldager at 4600 Kietzke Lane, Suite A-10, Reno, Nevada. *See* Aff. of Return of Service, previously filed April 4, 2007 (Docket Entry No. 9). Also on April 3, 2007, Forsythe and Potter were duly served with a copy of the Complaint, together with properly issued Summonses, by personal service at 649 Saddle Horn Way, Fernley, Nevada. *See* Affs. of Return of Service, previously filed April 4, 2007 (Docket Entry Nos. 10 & 11).

The time within which Defendants were required to file and serve their answers to the Complaint, or to otherwise respond to the Complaint, expired with no answers or other responsive pleadings having been filed or served. *See* Decl. of John P. Desmond in Support of Plaintiff's Motion for Entry of Default Against Defendants Mr. Plumber, Rooter and Plumbing Services, LLC, Ronald E. Forsythe, Individually and d/b/a "Mr. Plumber," and Ricky L. Potter, Individually and d/b/a "Mr. Plumber," Under Fed. R. Civ. P. 55(a), previously filed May 1, 2007 (Docket Entry No.12-2), at ¶¶ 7-8. Consequently, on May 1, 2007, Mr. Rooter filed a Motion for Entry of Default Against Defendants Mr. Plumber, Rooter and Plumbing Services, LLC, Ronald E. Forsythe, Individually and d/b/a "Mr. Plumber," and Ricky L. Potter, Individually and d/b/a "Mr. Plumber," Under Fed. R. Civ. P. 55(a) (Docket Entry No.12).

In response to that motion, on May 2, 2007, the Deputy Clerk of the Court entered Defendants' defaults on the record (Docket Entry No. 13). Mr. Rooter has now moved this

Court for entry of final judgment and for a permanent injunction, against Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

## UNDISPUTED FACTS

The following facts are established and uncontroverted by virtue of Defendants' default. It is well-settled that when a defendant defaults, "all well-pleaded allegations of the complaint are considered admitted." *Duncan v. Lord*, 409 F. Supp. 687, 692 (E.D. Pa. 1976) (citing *Thomson v. Wooster*, 114 U.S. 104, 109-10, 5 S. Ct. 788, 790-91, 29 L. Ed. 105, 107 (1885)). These facts are also independently established through the Declaration of Mary Kennedy Thompson ("Thompson Decl."), submitted contemporaneously with the Motion:

- Mr. Rooter is the franchisor of a nationwide system of two-hundred six (206) licensed businesses, each of which provides a wide range of plumbing services, including plumbing repair services; sewer, grease trap, drain and pipe cleaning services; septic tank pumping; water heater replacement; TV pipe inspection; line and leak detection; excavation and replacement of sewer lines; and other related services under the MR. ROOTER mark. Compl. at ¶ 8; Thompson Decl. at ¶ 3.

- Each MR. ROOTER franchise is operated pursuant to a franchise agreement under which Mr. Rooter imposes certain obligations and retains certain rights to help ensure the protection of Mr. Rooter's service marks and the uniform quality of services provided by Mr. Rooter's franchisees in the MR. ROOTER franchise system. Compl. at ¶ 8; Thompson Decl. at ¶ 3.

- Beginning at least as early as May 1970, Mr. Rooter, through its predecessors-in-interest and their authorized franchisees, adopted and began using the distinctive service mark "MR. ROOTER," both standing alone and in combination with other design elements, in connection with plumbing services. Compl. at ¶ 9; Thompson Decl. at ¶ 4. This service mark was used to identify and distinguish the services provided by the MR. ROOTER franchise system from those of others. Compl. at ¶ 9; Thompson Decl. at ¶ 4.

- Mr. Rooter owns valid and subsisting federal registrations for the MR. ROOTER marks under U.S. Service Mark Reg. Nos. 933,403; 982,684; 1,964,249; and 2,688,517. Compl. at ¶¶ 10-13; Thompson Decl. at ¶¶ 5-8.

4

- Mr. Rooter has also adopted and continues to use distinctive design marks in connection with plumbing services. Compl. at ¶ 18; Thompson Decl. at ¶ 9. Mr. Rooter has adopted and continues to use a design mark consisting of distinctive red and blue stripes along the bottom and rear side panels of a van, which is the subject of U.S. Service Mark Reg. No. 2,174,171. Compl. at ¶¶ 19-20; Thompson Decl. at ¶ 10. Mr. Rooter has also adopted and continues to use a design mark consisting of two parallel stripes along the bottom and rear side panels of a van and a distinctive depiction of a man wearing a hat and winking with his left eye, which is the subject of U.S. Service Mark Reg. No. 2,907,769. Compl. at ¶ 21; Thompson Decl. at ¶ 12.

- Moreover, Mr. Rooter has adopted and continues to use a design mark consisting of a distinctive depiction of a man wearing a hat and winking with his right eye, which is the subject of U.S. Service Mark Reg. No. 2,683,543. Compl. at ¶ 25; Thompson Decl. at ¶ 11.

- Mr. Rooter has also adopted and uses a distinctive mark consisting of "THE PLUMBER YOU DESERVE," in block letters, in connection with plumbing services and related services. Compl. at ¶ 29; Thompson Decl. at ¶ 14. This mark is the subject of U.S. Service Mark App. Ser. No. 77/164,851, which is currently pending before the United States Patent and Trademark Office ("USPTO"). Thompson Decl. at ¶ 14.

- In addition to these service mark registrations and this pending application, Mr. Rooter owns all common law rights in and to the aforementioned service marks for use in connection with the provision of plumbing, sewer and drain cleaning services, and related services. Compl. at ¶¶ 14, 15, 22, 23, 26, 27, 30; Thompson Decl. at ¶ 15. (For ease of reference, all of the service marks referenced above and shown in the USPTO records attached as Exhibits A through H of Mary Kennedy Thompson's Declaration (submitted herewith), together with all of the common law counterparts of these marks, shall be referred to collectively hereinafter as the "MR. ROOTER Marks.")

- In marketing and promotional materials distributed to the public in connection with the operation of MR. ROOTER franchise system, Mr. Rooter and its authorized franchisees depict the MR. ROOTER Marks using a distinctive red, white and blue color scheme (the "Mr. Rooter Color Scheme.") Compl. at ¶¶ 32-33; Thompson Decl. at ¶ 21.

- Mr. Rooter's parent company registered the Internet domain name <mrrooter.com>, which has been, and continues to be, utilized in connection with Mr. Rooter's commercial Internet website. Compl. at ¶ 16; Thompson Decl. at ¶ 17.

5

- Mr. Rooter maintains an authorized MR. ROOTER franchise that services the geographic territory in and around Reno, Nevada (the "MR. ROOTER Reno Franchisee.")  Compl. at ¶ 34; Thompson Decl. at ¶ 22.

- The MR. ROOTER Reno Franchisee has the exclusive right to operate an authorized MR. ROOTER franchise servicing a geographic territory that includes Carson City, and Douglas, Storey and Washoe Counties (the "Franchise Territory.")  Compl. at ¶ 35; Thompson Decl. at ¶ 23.  Mr. Rooter has licensed the MR. ROOTER Reno Franchisee to use the MR. ROOTER Marks in connection with the operation of that franchise, and the MR. ROOTER Reno Franchisee operates pursuant to a written franchise agreement with Mr. Rooter.  Compl. at ¶ 35; Thompson Decl. at ¶ 23.  Under that agreement, the MR. ROOTER Reno Franchisee is authorized and required to use the MR. ROOTER Marks, together with Mr. Rooter's business format, educational and training programs, centralized advertising programs, standard policies and procedures, and techniques for operating a MR. ROOTER franchise.  Compl. at ¶ 35; Thompson Decl. at ¶ 23.

- Forsythe and Potter are former employees of the MR. ROOTER Reno Franchisee.  Compl. at ¶ 37; Thompson Decl. at ¶ 24.  After leaving the employ of the MR. ROOTER Reno Franchisee, Forsythe and Potter formed a Nevada company under the name "Mr. Plumber, Rooter and Plumbing Services, LLC."  Compl. at ¶ 37; Thompson Decl. at ¶ 24.

- Defendants are using colorable imitations of the MR. ROOTER Marks, without Mr. Rooter's authorization or permission and in the Mr. Rooter Color Scheme, in connection with their offering and rendition of plumbing services under the designation "MR. PLUMBER" in the same area currently serviced by the MR. ROOTER Reno Franchisee.  Compl. at ¶ 38; Thompson Decl. at ¶ 25.

- Defendants also advertise their plumbing services business in telephone directories and Internet-based directories using colorable imitations of the MR. ROOTER Marks, including images of a white van bearing colorable imitations of certain of the MR. ROOTER Marks in the Mr. Rooter Color Scheme.  Compl. at ¶ 40; Thompson Decl. at ¶ 28.

- Defendants are using a van and trailer that display the MR. PLUMBER service mark in the Mr. Rooter Color Scheme, colorable imitations of certain of the MR. ROOTER Marks in the Mr. Rooter Color Scheme, and the service mark "THE PLUMBER YOU NEED."  Compl. at ¶ 39; Thompson Decl. at ¶ 26.  Defendants have displayed these marks in an arrangement that is strikingly similar to, if not virtually identical to, the manner in which Mr. Rooter and its authorized franchisees use and arrange the MR. ROOTER Marks on their Mr. Rooter vans.  Compl. at ¶ 39; Thompson Decl. at ¶¶ 25-26 and Ex. J.

6

- On February 21, 2007, Mr. Rooter's counsel wrote to Forsythe and Potter and objected to Defendants' use of colorable imitations of certain of the MR. ROOTER Marks.  Thompson Decl. at ¶ 27 and Ex. K.  Mr. Rooter's counsel demanded that Defendants immediately cease and desist from all use of these Marks, or colorable imitations thereof, and not adopt any mark that is confusingly similar to Mr. Rooter's marks.  Thompson Decl. at ¶ 27.  On February 28, 2007, Mr. Rooter's counsel returned a call from Potter, in which Potter refused to change or cease use of any of the designs or marks that Defendants were using in connection with their plumbing services business.

- Due to Defendants' unauthorized use of colorable imitations of the MR. ROOTER Marks, and Forsythe and Potter's status as former employees of the MR. ROOTER Reno Franchisee, members of the public are likely to be misled into believing that Defendants are affiliated with Mr. Rooter when, in fact, they are not.  Compl. at ¶¶ 42, 44; Thompson Decl. at ¶ 29.

- Defendants' continued unauthorized use of colorable imitations of the MR. ROOTER Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendants' plumbing, sewer and drain cleaning services.  Compl. at ¶ 44; Thompson Decl. at ¶ 29.

- Defendants' conduct harms and damages Mr. Rooter's goodwill and reputation. Compl. at ¶ 47; Thompson Decl. at ¶ 31.

- Defendants' conduct also impairs the ability of Mr. Rooter's authorized MR. ROOTER Reno Franchisee to operate successfully in the territory to which it has the exclusive right to operate a MR. ROOTER franchise.  Compl. at ¶ 47; Thompson Decl. at ¶ 31.

## ARGUMENT

I. **Mr. Rooter Has Established Defendant's Liability**

Based on the foregoing unchallenged facts, Mr. Rooter has demonstrated Defendants' liability to Mr. Rooter on the various claims set forth in the Complaint.

    A. **Infringement of the Registered MR. ROOTER Marks**

"A successful trademark infringement claim under the Lanham Act requires a showing that the claimant holds a protectable mark, and that the alleged infringer's imitating mark is similar enough to 'cause confusion, or to cause mistake, or to deceive.'" *Surfvivor*

*Media, Inc. v. Survivor Productions*, 406 F.3d 625, 630 (9th Cir. 2005) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 116-17, 125 S. Ct. 542, 547, 160 L. Ed. 2d 440 (2004)); *see also New West Corp. v. NYM Co.*, 595 F.2d 1194, 1198-1202 (9th Cir. 1979); *Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1194 (D. Nev. 2003).  The undisputed facts recited above establish (a) that Mr. Rooter owns valid service mark rights in the MR. ROOTER Marks; (b) that Mr. Rooter maintains various federal registrations for certain of these Marks, many of which have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065; (c) that Defendants have made unauthorized uses of colorable imitations of the MR. ROOTER Marks in connection with their competing plumbing services business; and (d) that such use has resulted in a likelihood of consumer confusion.  Mr. Rooter has therefore established Defendants' infringement of Mr. Rooter's registered MR. ROOTER Marks, in violation of Lanham Act § 32(a), 15 U.S.C. § 1114(a).

Furthermore, although "[t]he law of unfair competition does not impose a duty on a competitor to ensure that *all* customers are aware that an affiliation with a predecessor has ended," there is a "duty not to promote the perpetuation of the perception that they are still affiliated." *Dial Temporary Help Serv., Inc. v. Shrock*, 946 F. Supp. 847, 857 (D. Or. 1996) (citing *Shakey's Inc. v. Covalt*, 704 F.2d 426, 432 (9th Cir. 1983)).  In this case, Forsythe's and Potter's status as former employees of the MR. ROOTER Reno Franchisee imposes upon them the "duty not to promote the perpetuation of the perception that they are still affiliated" with Mr. Rooter.  By adopting and using colorable imitations of the MR. ROOTER Marks, in the Mr. Rooter Color Scheme, in connection with their competing plumbing services business, Defendants are in breach of this duty and are thus subject to

being enjoined from perpetuating the perception that they are still affiliated with Mr. Rooter or the MR. ROOTER Reno Franchisee.

Moreover, Defendants' conduct shows that Defendants chose to use marks that bear striking similarities to the MR. ROOTER Marks, and that such choice could not be merely coincidental. Indeed, as former employees of the MR. ROOTER Reno Franchisee, Forsythe and Potter would have been very familiar with the MR. ROOTER Marks, the source-identifying function of these Marks, and the goodwill that these Marks symbolize. Clearly, Defendants had an intent to trade upon this goodwill and consumer association with the previously established MR. ROOTER Reno Franchisee. Although a plaintiff need not prove a defendant's intent to deceive consumers to establish trademark infringement, intent is relevant because "when the alleged infringer knowingly adopts a mark similar to another's, reviewing courts can presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979). Therefore, the Court may presume that the consuming public has been, and will continue to be, confused by Defendants' intentional and deliberate use of colorable imitations of the MR. ROOTER Marks.

B. **Unfair Competition by False Designation of Origin**

Section 43 of the Lanham Act creates a federal cause of action for false representation of goods or services in commerce, including false designations of origin. *See*, *e.g.*, *Smith v. Montoro*, 648 F.2d 602, 603 (9th Cir. 1981) (citing *New West Corp.*, 595 F.2d at 1198). The Ninth Circuit has held that the tests for trademark infringement under Section 32 of the Lanham Act and false designation of origin under Section 43 of the Lanham Act are the same. *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 533 F.2d 912, 917 (9th Cir.

9

1980).  "The 'ultimate test' for unfair competition [under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)] is exactly the same as for trademark infringement:  'whether the public is likely to be deceived or confused by the similarity of the marks.'"  *Century 21 Real Estate v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting *New West Corp.*, 595 F.2d at 1201); *see also Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (9th Cir. 1999) (holding the same legal standard applies to Sections 32(1) and 43(a) of the Lanham Act).  Consequently, the same considerations that establish Defendants' infringement of the federally registered MR. ROOTER Marks also establish unfair competition in violation of Section 43(a).  *See, e.g.*, *Phillip Morris USA, Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1072 (C.D. Cal. 2004) (granting summary judgment on both infringement claims under Section 32(1) and unfair competition claims under Section 43(a) of the Lanham Act based on the same conduct by the defendants).

The undisputed facts recited above establish (a) that Mr. Rooter owns valid service mark rights in the MR. ROOTER Marks; (b) that Mr. Rooter maintains federal registrations for certain of these Marks; (c) that Defendants have made unauthorized use of colorable imitations of the MR. ROOTER Marks in connection with their competing plumbing services business; and (d) that such use results in a likelihood of consumer confusion.  Mr. Rooter has therefore established Defendants' violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

### C.     Common Law Unfair Competition and Trademark Infringement

"The elements necessary to make out a claim of Nevada common law trademark infringement are identical to the elements necessary under section 43(a) of the Lanham Act." *Caesars World*, 247 F. Supp. 2d at 1193.   Therefore, the same undisputed facts that establish Defendants' infringement of the MR. ROOTER Marks also establish Defendants' unfair competition and trademark infringement in violation of the common law of Nevada.

## II.     Mr. Rooter is Entitled to Injunctive and Monetary Relief.

Having demonstrated Defendants' liability on the claims alleged in the Complaint, Mr. Rooter is entitled to remedies in the form of a permanent injunction and a monetary recovery.

### A.     A Permanent Injunction is Warranted.

The unchallenged facts establish that Mr. Rooter has suffered, and will continue to suffer, irreparable harm by virtue of Defendants' acts of infringement and unfair competition. Such facts also establish the harm to the public arising out of Defendants' unlawful conduct.

The Lanham Act authorizes injunctive relief to remedy the damage caused by acts of trademark infringement and unfair competition of the type in which Defendants have engaged.  *See* 15 U.S.C. § 1116.  Such irreparable injury can be remedied only through immediate and permanent injunctive relief.  *See*, *e.g.*, *E & J Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294 (9th Cir. 1992) (potential harm associated with the continued unauthorized use of a mark is sufficient to justify injunctive relief).  In trademark cases, "[o]nce the plaintiff has demonstrated a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted." *Metro Publishing, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 640 (9th Cir. 1993).

11

An injunction also serves the public interest by preventing future consumers from being misled or confused about Defendants' affiliation with Mr. Rooter.  *See*, *e.g.*, *Opticians Ass'n of Am. v. Independent Opticians of Am.*, 920 F.2d 187, 197 (3rd Cir. 1990) (collecting citations).  The "strong public interest in preventing consumer confusion and fraud favors issuance of . . . injunctive relief," especially where one who once had authority to use another's mark has become associated with that mark's owner in the public mind.  *Paisa, Inc. v. N & G Auto, Inc.*, 928 F. Supp. 1009, 1113 (C.D. Cal. 1996).  Having established that a permanent injunction is warranted, Mr. Rooter requests entry of injunctive relief as requested in the Motion and Proposed Order.

      B.    **Mr. Rooter is Entitled to a Monetary Recovery in the Form of Its Reasonable Attorneys' Fees**

In addition to permanent injunction, Mr. Rooter believes that it is entitled to a monetary recovery as a result of Defendants' infringement of the MR. ROOTER Marks, unfair competition, and unfair and deceptive trade practices.  In light of Defendants' default and the deliberate and willful nature of Defendants' infringement, Mr. Rooter believes that an appropriate measure of such recovery is the attorneys' fees and expenses Mr. Rooter has incurred in connection with this litigation.

      1.    Legal Standard for Awarding Attorneys' Fees

Section 35(a) of the Lanham Act provides, in relevant part, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  The legislative history of this section identifies the rationale underlying this provision:

> Deliberate and flagrant infringement of trademarks should particularly be discouraged in view of the public interest in the integrity of marks as a

measure of quality of products. Effective enforcement of trademark rights is left to the trademark owners and they should, in the interest of preventing purchaser confusion, be encouraged to enforce trademark rights. It would be unconscionable not to provide a complete remedy including attorney fees for acts which courts have characterized as malicious, fraudulent, deliberate, and willful.

S. Rep. No. 1400, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133.

The Ninth Circuit has found that an "exceptional case" under the Lanham Act is one where the defendant's conduct was "willful, deliberate, knowing or malicious." *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003) (finding an "exceptional case" and affirming award of attorneys' fees where defendant used a mark that was similar to competitor's, even after objection by competitor, and made no reasonable effort to ascertain whether its mark may be infringing); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (attorneys' fees awarded where defendant knowingly and intentionally infringed in order to cause confusion); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985) (affirming attorneys' fees award where plaintiff demonstrated deliberate infringement). Furthermore, although bad faith may be relevant to the determining whether a case is "exceptional," a finding of bad faith is not required to warrant an award of attorneys' fees. *Earthquake*, 352 F.3d at 1217.

      2.    <u>Defendants' Infringing Conduct Was Willful, Deliberate, and with Knowledge of Mr. Rooter's Rights</u>

The uncontroverted facts recited above demonstrate the deliberate and willful nature of Defendants' infringement, as well as the exceptional circumstances that warrant an award of attorneys' fees. Defendants have repeatedly and openly displayed colorable imitations of the MR. ROOTER Marks, in the Mr. Rooter Color Scheme, in connection with their

competing plumbing services business, with knowledge that such use is unauthorized and that Mr. Rooter has demanded they cease such use.  Thompson Decl. at ¶ 28.  Such conduct was undertaken in a deliberate, calculated effort not only to deceive or confuse the public that Defendants remain affiliated or associated with Mr. Rooter, but also was done intentionally to exploit Mr. Rooter's reputation and goodwill.  Compl. at ¶¶ 40-41; Thompson Decl. at ¶ 31.

### 3. Mr. Rooter's Fee Submission is Reasonable

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 40 (1983), the United States Supreme Court set forth the standards and procedures for determining the appropriate amount of an attorneys' fees award.  Although *Hensley* arose under the Civil Rights Attorneys' Fees Award Act, 42 U.S.C. § 1988, the Supreme Court instructed that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"  461 U.S. at 433 n. 7.  The *Hensley* standards are commonly employed in fee awards under the Lanham Act.  *See*, *e.g.*, *Intel Corp. v. Terrabyte Int'l Inc.*, 6 F.3d 614 (9th Cir. 1993); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521 (D.C. Cir. 1985).

Under *Hensley*, the starting point for determining a reasonable fee is the "lodestar" amount, which is the number of hours reasonably expended multiplied by a reasonable hourly rate.  461 U.S. at 433; *see also Wheeler v. Miss. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003) (noting that the *Hensley* method for calculating attorney fees is "well established").  Such amount is appropriate because, when "a plaintiff has obtained excellent results," it "should recover a fully compensatory fee," which normally will "encompass all hours reasonably expended on the litigation."  *Hensley*, 461 U.S. at 435.

14

Mr. Rooter, as well Mr. Rooter's affiliated companies Rainbow International Carpet Dyeing & Cleaning Co. and Aire Serv Heating & Air Conditioning, Inc., have obtained final judgments by default in similar cases involving a departed franchisee's unauthorized use of the franchisor's service marks.  Thompson Decl. at ¶ 32.  In those cases, district courts have awarded, as the measure of damages, the attorneys' fees and expenses incurred by the plaintiff franchisors in the prosecution of their claims.  *See id.* and Exs. M-P.

The Declarations of William M. Bryner and John P. Desmond, submitted with Mr. Rooter's Motion, documents the number of hours expended by Mr. Rooter's counsel in connection with this litigation, document the expenses reasonably incurred during this litigation, and attest to the reasonableness of the time expended by Mr. Rooter's counsel and to the reasonableness of their hourly rates.  Under *Hensley*, the amount of the fee award should be equal to those fees, plus expenses reasonably incurred.  Thus, the amount Mr. Rooter has sought ($ 26,048.03) constitutes a reasonable fee award.

Having established that Defendants' unlawful conduct was willful and deliberate, Mr. Rooter requests an award of its attorneys' fees as requested in the Motion and Proposed Order.

## **CONCLUSION**

As the foregoing demonstrates, Defendants' willfully infringing conduct should be permanently enjoined, and Mr. Rooter should be reimbursed for the attorneys' fees and expenses it has incurred in putting a stop to such deliberately infringing and unlawful activities. Accordingly, Mr. Rooter respectfully requests that the Court grant the instant Motion and enter judgment by default against Defendants for the relief sought therein, as set forth in Mr. Rooter's Proposed Order.

Respectfully submitted, this the 10th day of July, 2007.

        /s/ JOHN P. DESMOND
        John P. Desmond, Esq.
        JONES VARGAS
        100 West Liberty Street
        Twelfth Floor
        Reno, NV  89501
        Telephone:  (775) 786-5000
        Facsimile:  (775) 786-1177
        E-mail:  jpd@jonesvargas.com

Of Counsel:
Christopher P. Bussert, Esq.
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 816-6555
E-mail:  cbussert@kilpatrickstockton.com
William M. Bryner, Esq.
Laura C. Miller, Esq.
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500
E-mail:  wbryner@kilpatrickstockton.com
        lamiller@kilpatrickstockton.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date I served the foregoing **Brief in Support of Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction by Default Against Mr. Plumber, Rooter and Plumbing Services, LLC; Ronald E. Forsythe, individually and d/b/a "Mr. Plumber;" and Ricky L. Potter, individually and d/b/a "Mr. Plumber"** upon Defendants by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

      Mr. Plumber, Rooter and Plumbing Services, LLC
      4600 Kietzke Lane, Suite A-10
      Reno, NV  89502

      Ronald E. Forsythe
      649 Saddle Horn Way
      Fernley, NV  89408

      Ricky L. Potter
      1195 Dinah Drive
      Fernley, NV  89408

This the 10th day of July, 2007.

      /s/ A. ANTHONY
      A. Anthony

US2000 10023910.1