William M. Bryner, Esq. (admitted *pro hac vice*)
Laura C. Miller, Esq. (admitted *pro hac vice*)
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 607-7300
Facsimile:  (336) 607-7500
E-mail:  wbryner@kilpatrickstockton.com
         lamiller@kilpatrickstockton.com

John P. Desmond, Esq. (Nev. Bar #5618)
Louis M. Bubala III, Esq. (Nev. Bar #8974)
JONES VARGAS
100 W. Liberty St., 12th Flr.
P.O. Box 281
Reno, NV 89504-0281
Telephone:  (775) 786-5000
Facsimile:  (775) 786-1177
E-mail:  jpd@jonesvargas.com
         lbubala@jonesvargas.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MR. ROOTER CORPORATION, a Texas corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC, a Nevada corporation; RONALD E. FORSYTHE, individually and d/b/a "MR. PLUMBER"; and RICKY L. POTTER, individually and d/b/a "MR. PLUMBER,"<br><br>    Defendants. | Civil Action No. 3:07-CV-00156 |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

1

US2000 10414283.1

Plaintiff Mr. Rooter Corporation ("Mr. Rooter") has moved this Court to hold Defendants Mr. Plumber, Rooter and Plumbing Services, LLC; Ronald E. Forsythe, individually and d/b/a "MR. PLUMBER;" and Ricky L. Potter, individually and d/b/a "MR. PLUMBER" (collectively "Defendants") in contempt of this Court's August 22, 2007 Order of Final Judgment and Permanent Injunction by Default Against Defendants (the "August 22 Order").  Mr. Rooter hereby submits this Memorandum in support of that Motion.

## FACTUAL BACKGROUND

In plain derogation of the clear terms of the August 22 Order, Defendants have continued to use, without Mr. Rooter's authorization or permission, the service marks identified in the August 22 Order (the "Offending Marks") in the operation of their plumbing services business.  As demonstrated below, since the entry of the August 22 Order, Defendants have continued their unlawful conduct, operating their plumbing services business in a "business as usual" manner and willfully disregarding the terms of the August 22 Order as if it had never been entered.  The evidence shows that Defendants have not complied with the Court's August 22 Order, and have not ceased use of the Offending Marks.

As evidence of Defendants' defiance of the August 22 Order, beginning in late September 2007, Mr. Rooter engaged the services of a local investigator to investigate the extent of Defendants' compliance with the terms of the August 22 Order.  *See* Declaration of William L. Savage in Support of Plaintiff's Motion for Contempt Sanctions, submitted contemporaneously herewith ("Savage Decl.").  The results of that investigation revealed the following:

- Defendants continue to operate a plumbing services business in the Reno, Nevada area under the name "Mr. Plumber." (Savage Decl. at ¶ 4).

- Defendants' service trailer still prominently displays certain of the Offending Marks, as was determined through photographic evidence taken of Defendants' service trailer parked in front Defendant Ricky Potter's residence and through a service call performed by Defendant Potter at Mr. Savage's residence. (Savage Decl. at ¶¶ 3, 8).

- Defendants continue to prominently display certain of the Offending Marks on invoices and business cards used in connection with the rendering of their plumbing services. (Savage Decl. at ¶¶ 5-7).

- The November 2006 AT&T telephone directory for the Reno, Nevada area contains a color advertisement, numerical listing, and a full page advertisement in the yellow pages for "Mr. Plumber." The next AT&T telephone directory will be printed and released in November 2007. (Savage Decl. at ¶ 9).

In light of the foregoing, Mr. Rooter has moved that this Court order Defendants immediately to comply with all of the terms of the August 22 Order and that the Court grant the additional relief set forth in Mr. Rooter's Motion, including that Defendants be required to appear before this Court at a hearing to show cause why they should not, in addition to the injunctive and monetary relief already assessed in the August 22 Order, also be required to compensate Mr. Rooter for its post-Order damages, costs and attorneys' fees for their violations of the August 22 Order.

## ARGUMENT

**I.  The Court Has the Inherent Authority to Enforce its Orders Through Contempt Sanctions**

All courts possess the "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991); *see* 18 U.S.C. § 401(3). This Court has broad discretion to fashion an appropriate remedy for a violation of its orders. *See U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). In addition, the August 22 Order provides explicitly that "[i]f any such violation occurs, the Court will award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Mr. Rooter for such breach, as well as (b) injunctive relief enjoining any further breach of this Final Judgment and Permanent Injunction By Default, or such modifications to the present Permanent Injunction and Order as the Court deems appropriate, (c) attorneys' fees, costs and disbursements, and (d) such other relief as the Court deems just and proper." August 22 Order at ¶ 6.

One of the overarching goals of a court's contempt power is to ensure that litigants "do not anoint themselves with the power to adjudge the validity of orders to which they are subject," thereby making a "mere mockery" of the judicial powers of the courts of the United States. *United Mine Workers*, 330 U.S. at 290 n. 56. Thus, the Court's authority to enforce its orders provides the Court with numerous options. Among those options is the ability to impose sanctions "to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376 (9th Cir. 1986) (citing *United Mine Workers*,

330 U.S. at 303-04). Thus, civil contempt is remedial in nature, often serving the dual purpose to coerce a party's compliance with a court order and to compensate the other party for the losses sustained due to the noncompliance. *Int'l Union, UMW v. Bagwell*, 512 U.S. 821, 827-29 (1994).

To that end, courts have awarded various remedies for civil contempt, including a disgorgement of the defendant's profits and the plaintiff's lost profits. *See, e.g.*, *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004 (9th Cir. 2004) (disgorgement of profits as measure of damages could properly be used as contempt sanction in a trademark infringement case). Furthermore, a district court has inherent power to award attorneys' fees as a sanction for a party's disobedience of a court order. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985). Because attorneys' fees frequently must be expended to bring a violation of an order to the court's attention, the Ninth Circuit has concluded that the district court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure. *Id*.

**II.   Defendants Have Completely Ignored the August 22 Order**

To establish civil contempt, the "moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court," and "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). Civil contempt is warranted when a party fails to take "all the reasonable steps within [his] power to insure compliance with the [court's] order." *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976). The contempt need not be willful, and there is no good faith exception

5

to the requirement of obedience to a court order.  *Go-Video v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993).

In this case, the evidence easily satisfies the necessary "clear and convincing" standard and it is abundantly clear that Defendants have taken *no* steps whatsoever to comply with this Court's August 22 Order.  As appears from the foregoing facts and supporting declaration, Defendants have, without excuse, violated the letter, spirit, and intent of this Court's August 22 Order by continuing to operate a plumbing services business in competition with Mr. Rooter under the name "Mr. Plumber," and by continuing to use colorable imitations of the service marks owned by Mr. Rooter, including but not limited to the Offending Marks identified in the August 22 Order.  Defendants have also failed to submit to this Court the written report detailing their compliance with the August 22 Order.  Thus, Defendants have continued to operate in a "business as usual" fashion in compete disregard of this Court's August 22 Order.  Contempt sanctions against the Defendants' conduct are therefore warranted.

**III.    Mr. Rooter Continues to Suffer Irreparable Harm**

As long as Defendants continue to operate a competing plumbing services business using the Offending Marks, which are colorable imitations of Mr. Rooter's distinctive and well-known service marks, Mr. Rooter will continue to suffer irreparable harm due to the loss of control over its service marks and the goodwill that those marks symbolize.  Not only are Defendants continuing to trade on Mr. Rooter's goodwill, Defendants are doing so in direct competition with an authorized MR. ROOTER® franchise in the Reno, Nevada area.  Defendants' continue to do so despite this Court's August 22 Order prohibiting such conduct.

Aside from the money judgment already entered by the August 22 Order – a sum of $26,058.03 that, to date, Defendants have not paid – Mr. Rooter has continued to suffer the type of irreparable harm and injury to its service marks, and the goodwill symbolized by those marks, that supported the entry of the August 22 Order in the first instance. Consequently, Mr. Rooter has requested the Court to order Defendants show cause, at a hearing, why they should not be ordered not only to pay to Mr. Rooter the sum of $5,000.00, but also the sum of $200.00 per day for each day following a finding of contempt in which Defendants fail to certify to this Court, under penalty of perjury, that they have come into compliance with the August 22 Order.

In addition, Defendants continue to improperly benefit from the continued maintenance of a "Mr. Plumber" business telephone listing in both printed and Internet-based directories, including the AT&T telephone directory serving the Reno, Nevada area and the Internet website reflected at <www.yellowpages.com>.  Thus, as set forth in greater detail in its Motion and Proposed Order, Mr. Rooter requests that this Court order Defendants to either:  (a) assign to Mr. Rooter, or to Mr. Rooter's designee, all telephone numbers that Defendants have associated with their "Mr. Plumber" business; or (b) cause a reputable third-party organization to install and maintain a split telephone intercept message that permits persons who call any of the telephone numbers that Defendants have associated with their "Mr. Plumber" business to reach Mr. Rooter or its designee.

**IV.    Mr. Rooter Is Entitled To Reimbursement of its Attorneys' Fees and Expenses**

The attorneys' fees and costs that Mr. Rooter has incurred in investigating Defendants' contempt are also appropriate contempt sanctions.  *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).  Since mid-September of this year, Mr. Rooter has

incurred attorneys' fees and related expenses in attempting to ensure Defendants' compliance with this Court's August 22 Order, including commissioning a private investigation, and preparing and filing the instant Motion and supporting papers. Because Mr. Rooter necessarily has incurred these additional attorneys' fees and costs, as will be shown to the Court, in bringing Defendants' noncompliance to the Court's attention, Mr. Rooter also requests that this Court order Defendants to show cause why they should not be required to reimburse Mr. Rooter for such legitimate expenses incurred in connection with enforcing the August 22 Order.

## CONCLUSION

Defendants' utter disregard for the August 22 Order entitles Mr. Rooter to sanctions, including monetary relief, further injunctive relief, and reimbursement of Mr. Rooter's attorneys' fees and costs incurred in enforcing the violation of the terms of the August 22 Order. For the foregoing reasons, Mr. Rooter respectfully requests that its Motion for Contempt Sanctions be granted in its entirety, and that its Proposed Order be entered.

Respectfully submitted, this the 27th day of November, 2007.

      /s/ William M. Bryner
    William M. Bryner, Esq. (admitted *pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served the foregoing **Memorandum in Support of Plaintiff's Motion for Contempt Sanctions** upon Defendants by depositing copies thereof in the United States mail, postage prepaid, and addressed to the individuals listed below, and hard copies are to be personally served by a special process server on the following individuals, with an amended certificate of service to filed confirming the dates of personal service:

>Linda Guldager, Resident Agent for
>Mr. Plumber, Rooter and Plumbing Services, LLC
>4600 Kietzke Lane, Suite A-101
>Reno, NV  89502-5035
>
>Ronald E. Forsythe
>649 Saddle Horn Way
>Fernley, NV  89408-9095
>
>Ricky L. Potter
>1195 Dinah Drive
>Fernley, NV  89408-9353

I also hereby certify that on this date I served the foregoing **Plaintiff's Motion for Contempt Sanctions** upon Defendant Mr. Plumber, Rooter and Plumbing Services, LLC by depositing copies thereof in the United States mail, postage prepaid, addressed to:

>Mr. Plumber, Rooter and Plumbing Services, LLC
>P.O. Box 796
>Fernley, NV  89408-0796
>(Address on file with Nevada State Contractors Board)

This the 27th day of November, 2007.

>/s/A. Anthony
>An Employee of Jones Vargas

US2000 10414283.1