UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MR. ROOTER CORPORATION, a Texas corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC, a Nevada corporation; RONALD E. FORSYTHE, individually and d/b/a "MR. PLUMBER"; and RICKY L. POTTER, individually and d/b/a "MR. PLUMBER,"<br><br>　　　　　　Defendants. | 03:07-CV-00156-LRH-RAM<br><br><u>ORDER</u> |

　　　　Presently before the court is a Motion for Contempt Sanctions (# 32[1]) filed by plaintiff, Mr. Rooter Corporation ("Mr. Rooter") and a Notice of non-opposition (# 37). Defendants, Mr. Plumber, Rooter and Plumbing Services, Ronald Forsythe and Ricky Potter (collectively "Defendants"), have not opposed the motion or responded in any manner to this action.

　　　　On August 22, 2007, this court signed an Order of Final Judgment and Permanent Injunction by Default Against Defendants (# 29). Judgment (# 30) was subsequently entered on August 24, 2007. In connection with the present motion, Mr. Rooter has submitted evidence from

---

[1] Refers to the court's docket number.

1  William Savage, a private investigator who conducted an investigation of Defendants in late
2  September and early October, 2007, took photographs of the Defendants' business trailer on or
3  about September 30, 2007, and requested Defendants to perform a plumbing service call at his
4  residence on October 12, 2007.  After considering Mr. Rooter's motion, its accompanying points
5  and authorities, and Mr. Savage's declaration, and in consideration of the fact that Defendants have
6  not made any appearance in this matter and have failed to abide by the terms of the court's
7  August 22, 2007, Order, IT IS HEREBY ORDERED THAT Defendants shall immediately comply
8  with the terms of the August 22, 2007, Order, including that Defendants shall:

9      1) immediately cease all use of the Offending Marks, as defined in the August 22, 2007,
10 Order, in connection with their business;

11     2) immediately submit to this court the written report required by the August 22, 2007,
12 Order, detailing Defendants' compliance with the Order, which report was, under the terms of the
13 Order, previously due on September 22, 2007; and

14     3) immediately satisfy the $26,058.03 money judgment entered by the August 22, 2007,
15 Order by making immediate payment to Mr. Rooter of such sum.

16     IT IS FURTHER ORDERED that Defendants shall pay Mr. Rooter the sum of $5,000 as
17 compensation for the damage to Mr. Rooter occasioned by Defendants' continued use of the
18 Offending Marks from August 22, 2007, to the present.

19     IT IS FURTHER ORDERED that, as additional compensation to Mr. Rooter for damage
20 caused by Defendants' continued and unauthorized use of the Offending Devices, Defendants shall
21 pay Mr. Rooter the sum of $200.00 a day for every day after Wednesday, January 16, 2008, until
22 Defendants file a written declaration with this court certifying, under penalty of perjury, their
23 compliance with the August 22, 2007, Order.

24     IT IS FURTHER ORDERED that Defendants shall reimburse Mr. Rooter for Mr. Rooter's
25 reasonable attorney's fees and costs (including but not limited to investigative costs) associated

with pursuing its Motion for Contempt Sanctions, and such other fees and costs as Mr. Rooter reasonably incurs in connection with obtaining full satisfaction of the terms and conditions of the instant Order and the August 22, 2007, Order, the sum of which Mr. Rooter shall demonstrate to this court.

The court will deny without prejudice the portion of the Motion for Contempt Sanctions (# 32) that seeks to assign to Mr. Rooter all telephone number that Defendants have associated with their Mr. Plumber business or, alternatively, to cause a third-party organization to install and maintain a split telephone intercept message.  The court will also deny without prejudice the portion of Mr. Rooter's motion that seeks a sanction requiring Defendants to notify all suppliers, insurers and customers with whom Defendants have done business under the name Mr. Plumber of the injunction entered against their use of that name and the other Offending Marks.

IT IS SO ORDERED.

DATED this 2nd day of January, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE