UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MR. ROOTER CORPORATION, a Texas corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC, a Nevada corporation; RONALD E. FORSYTHE, individually and d/b/a "MR. PLUMBER"; and RICKY L. POTTER, individually and d/b/a "MR. PLUMBER,"<br><br>         Defendants. | Case No. 3:07-CV-00156-LRH-RAM |

**<u>ORDER</u>**

This matter came before the Court on the Motion for a Hearing Regarding Defendants' Non-Compliance with Permanent Injunction filed by Plaintiff Mr. Rooter

1

Corporation ("Mr. Rooter"). The Court has previously entered orders against Defendants dated August 22, 2007 (the "August 22 Order") and January 3, 2008 (the "January 3 Order"). The Court held a show cause hearing on March 17, 2008, which was continued to March 31, 2008, regarding Defendants' non-compliance with the August 22 Order and the January 3 Order. Mr. Rooter appeared through counsel and Defendants Ronald E. Forsythe and Ricky L. Potter appeared in pro per at the show cause hearing.

Based on the proceedings before this Court, it is **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendants are hereby **ORDERED**:

    (a) to cease immediately all use of the Offending Devices, as defined in the August 22 Order, in connection with Defendants' plumbing services business;

    (b) to remove or obliterate, immediately and fully, all uses of the Offending Devices from all trucks, trailers, or vehicles used in connection with Defendants' plumbing services business;

    (c) to change immediately all voice messages attached to all telephone numbers that Defendants have associated with their "Mr. Plumber" business, including but not limited to (775) 351-2220, (775) 575-2220, and (775) 322-0562, such that the voice messages associated with such telephone numbers do not refer to or mention "Mr. Plumber" or Mr. Rooter;

    (d) to take all necessary steps to cause advertising and listings for Defendants' plumbing services bearing any of the Offending Devices in

        any telephone directory or other media to be removed at the next printing of such telephone directory or other media;

(e)     to destroy immediately any Mr. Rooter customer lists that Defendants may retain in their possession, whether in electronic format or any other format; and

(f)     to destroy immediately all advertising, promotional materials, invoices, business cards, letterhead, or other materials that make use of or depict the Offending Devices.

2.     It is **FURTHER ORDERED** that Defendants shall inform Louis Bubala, Mr. Rooter's counsel, in writing and on a weekly basis, of any person who contacts Defendants under the "Mr. Plumber" name. This written notification shall contain the name of the person who made the contact, the date of the contact, and the type of service requested.

3.     It is **FURTHER ORDERED** that Defendants shall not contact any customer of Mr. Rooter that was developed while Defendants Potter or Forsythe were in the employ of Mr. Rooter or its Reno franchisee.

4.     It is **FURTHER ORDERED** that, except as otherwise set forth herein, Defendants are hereby relieved from their contempt of court without prejudice. Notwithstanding the foregoing, Mr. Rooter may take such further action as Mr. Rooter deems appropriate to bring to this Court's attention any further violations of the existing orders of this Court.

5.     It is **FURTHER ORDERED** that the August 22 Order is amended to reflect a revised money judgment in the amount of $43,058.03, which is comprised of (a) the $26,058.03 money judgment entered by the August 22 Order; (b) the $5,000 compensation

entered by the January 3 Order; and (c) additional compensation in the amount of $12,000, which reflects the additional compensation entered by the January 3 Order in the amount of $200.00 a day from January 17, 2008, to March 17, 2008, due to Defendants' failure to submit a written declaration certifying their compliance with the August 22 Order and their continued use of the Offending Devices.

6. It is **FURTHER ORDERED** that the money judgment contained in the August 22 Order may be further amended by this Court to include Mr. Rooter's reasonable attorneys' fees and costs incurred in connection with obtaining full satisfaction of the terms and conditions of the August 22 and January 3 Orders, provided Mr. Rooter establishes such attorneys' fees and costs to the Court's satisfaction. Mr. Rooter shall submit its application for attorneys' fees by no later than twenty (20) days after the date of this Order, and Mr. Rooter shall serve a copy of the same on the Defendants. The Defendants shall then have ten (10) days from the date of such service to submit their objections, if any, to Mr. Rooter's application for attorneys' fees.

**IT IS SO ORDERED.**

_____
LARRY R. HCKS
UNITED STATES DISTRICT JUDGE

DATED: April 22, 2008