UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |  |
|---|---|---|
| MR. ROOTER CORPORATION, a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | 3:07-CV-00156-LRH-RAM |
| v. | ) ) ) | ORDER |
| MR. PLUMBER, ROOTER AND PLUMBING SERVICES, LLC, a Nevada corporation; RONALD E FORSYTHE, individually and d/b/a "MR. PLUMBER"; and RICKY L. POTTER, individually and d/b/a/ "MR. PLUMBER," | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Presently before the court is Plaintiff Mr. Rooter Corporation's ("Mr. Rooter") Motion for Attorneys' Fees (#55[1]) and Notice of non-opposition (#66). Defendants Mr. Plumber, Rooter and Plumbing Services, LLC, Ronald Forsythe, and Ricky Potter (collectively "Defendants") have not opposed the motion or responded in any manner.

On August 22, 2007, this court signed an Order of Final Judgment and Permanent Injunction by Default Against Defendants (#29) ("Order of Final Judgment"). Judgment (#30) was subsequently entered on August 24, 2007.

---

[1] Refers to the court's docket number.

1    On January 3, 2008, this court signed an Order for Contempt Sanctions (#38), in which the

2    court ordered Defendants to (1) comply with the Order of Final Judgment; (2) pay Plaintiff $5,000

3    as compensation for damages caused by Defendants' continued use of the Offending Marks from

4    August 27, 2007, to January 3, 2008; (3) pay Plaintiff an additional $200 a day until Defendants

5    filed a written declaration certifying their compliance with the Order of Final Judgment; (4) pay

6    Plaintiff's reasonable attorneys' fees and costs associated with pursing its Motion for Contempt

7    Sanctions, and such other fees and costs as Plaintiff reasonably incurred in connection with

8    obtaining full satisfaction of the terms and conditions of the Order for Contempt Sanctions and the

9    Order of Final Judgment.

10    As a result of a show cause hearing held on March 31, 2008, on April 22, 2008, this court

11    amended the Order of Final Judgment to reflect a revised monetary judgment against Defendants

12    for failing to comply with the Order of Final Judgment and Order for Contempt Sanctions.  The

13    April 22, 2008, order also instructed that this court may further amend the Order of Final Judgment

14    to include Plaintiff's reasonable attorneys' fees and costs "incurred in connection with obtaining

15    full satisfaction of the terms and conditions of the August 22 and January 3 Orders, provided

16    [Plaintiff] establishes such attorneys' fees and costs to the Court's satisfaction."

17    Accordingly, Plaintiff subsequently filed the present motion for attorneys' fees and costs.

18    Plaintiff seeks to recover $44,485.06 in attorney's fees and costs.  This amount reflects the fees and

19    costs Plaintiff has incurred from September 1, 2007, through April 30, 2008.  In support of the

20    present motion, Plaintiff has submitted the Declarations of William M. Bryner and John P

21    Desmond, along with numerous records itemizing the work performed and the fees and costs

22    incurred.

23    The federal court has inherent power to levy sanctions, including attorneys' fees, for

24    "willful disobedience of a court order." *Roadway Express v. Piper*, 447 U.S. 752, 766 (1980).  As

25    outlined in this court's previous orders (#38, #54), despite the court's repeated attempts,

26

1    Defendants have failed to abide by the terms of the court's Order of Final Judgment and Order to

2    Compel Sanctions.  In light of the court's earlier findings, Defendants' repeated failure to comply

3    with this court's orders, and the lack of opposition to the motion for attorneys' fees and costs, the

4    court finds that an award of attorneys' fees and costs is appropriate in this case.

5         As outlined in *Morales v. City of San Rafael*, to determine a reasonable attorneys' fee,

6    the following procedure is followed: (1) determine the number of hours the prevailing party

7    reasonably expended on the litigation; (2) determine the reasonable hourly rate; (3) multiply the

8    number of hours by the hourly rate to determine the "lodestar," and (4) if necessary, adjust the

9    lodestar in light of factors not already taken into account.[2]  96 F.3d 359, 363-65 (9th Cir. 1995);

10    *Schneider v. Elko County Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998).  The factors

11    set out in Local Rule 54-16 ("LR 54-16") guide the court's analysis.  *See Schneider*, 17 F. Supp. 2d

12    at 1166.

13         The first step in setting a reasonable attorneys' fee is to determine the number of hours

14    Plaintiff's attorneys reasonably expended on the litigation.  *Morales*,  96 F.3d at 363-65.  Relevant

15    LR 54-16 factors include (A) the results obtained and the amount involved, (B) the time and labor

16    required, and (C) the novelty and difficulty of the questions involved.   Here, Plaintiff's attorneys

17    worked on Plaintiff's case for approximately one hundred and forty one hours from September 1,

18    2007, through April 30, 2008.  As their detailed records indicate, the attorneys spent these hours

19    preparing the Motion for Contempt Sanctions, monitoring Defendants' compliance with the Final

20    Judgment Order and Order for Contempt Sanctions, researching the available legal remedies for

21    Defendants' failure to comply with the orders, preparing an Emergency ex parte Motion for

22    Hearing Regarding Defendants' Non-Compliance with Permanent Injunctions (#41), and appearing

23    at show cause hearings on March 17, 2008, and March 31, 2008.  In light of the substantial work

24

25         [2] The fourth step is known as a "multiplier."  Plaintiff has not requested that the court apply a multiplier

26    to this case.

1 required as a result of Defendants' failure to comply with the Order of Final Judgment and the

2 Order for Contempt Sanctions, the total hours Plaintiff claims (141) are not excessive.

3       The second step in setting the reasonable attorneys' fee is to determine a reasonable hourly

4 rate.  Under LR 54-16, relevant factors to this analysis include (C) the novelty and difficulty of the

5 questions involved, (D) the skill required, (E) the preclusion of other employment; (F) the

6 customary fee, and (I) the experience, reputation, and ability of the attorneys.  Here, depending on

7 the attorney's experience, Kilpatrick Stockton's hourly rates ranged from $225 to $595, and Jones

8 Vargas's hourly rates ranged from $200 to $390.  Considering the above-cited factors, these rates

9 appear to be a reasonable reflection of the difficulty involved and the skill and time required in this

10 case.

11       Because Plaintiff has not requested a multiplier, the final step in determining the reasonable

12 attorneys' fee is to multiply the number of hours reasonably worked by the reasonable hourly rate

13 for each person who performed the rate.  According to this calculation, the total fee for work

14 completed by Kilpatrick Stockton's attorneys is $30,986.00.  The total fee for the work completed

15 by Jones Vargas's attorneys is $9,776.00.  Thus, the court will award Plaintiff the attorneys' fees

16 requested in the amount of $40,762.00.

17       Plaintiff also seeks to recover the costs associated with obtaining Defendants' compliance

18 with the Order of Final Judgment and the Order for Contempt Sanctions.  In pursuit of these

19 matters, from September 1, 2007, through April 30, 2008, Kilpatrick Stockton incurred $3,632.12

20 in costs, and Jones Vargas incurred $1,490.94 in costs.  Pursuant to Local Rule 54-1, this court will

21 award Plaintiff the costs requested in the amount of $5,123.06.

22 ///

23 ///

24 ///

25 ///

26

4

1       IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs (#55)

2  is hereby GRANTED.  Plaintiff is awarded attorneys' fees in the amount of $40,762.00 and costs in

3  the amount of $5,123.06.  The total amount awarded to Plaintiff is $45,885.06.

4       IT IS SO ORDERED.

5       DATED this 6th day of October, 2008.

6

7

8               LARRY R. HICKS
                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26